IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | **98-cr-329-4 (TFH)** |
| V. | : | |
| | : | |
| WILLIAM SWEENEY | : | |
| | : | |

**EMERGENCY MOTION FOR ACCESS TO COURT RECORDS
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**

William Sweeney, by and through undersigned counsel, respectfully moves this Court to order that all court papers and proceedings of the above captioned matter be unsealed. In support of this Motion, Petitioner upon information and belief states the following:

1.       Mr. Sweeney was a defendant in this matter.

2.       Based on the transcripts of the proceedings in this matter on November 13, 2000 in this matter, counsel knows that there was an *ex parte* motion to disqualify defense counsel Leonard Long in November 2000 and an opposition filed by Mr. Long prior to the November 13, 2000 trial date. Both of these pleadings still appear to be sealed still, as they do not appear on the docket sheet for this matter.

3.       Counsel needs access to copies of these motions to adequately represent Mr. Sweeney in this matter. His 2255 petition is due February 20, 2008.

4.       In the alternative, counsel requests that the Court redact the pleadings and provide counsel with redacted copies, as the November 13, 2000 transcript, *see* Exhibit 1, details that the hearing before the court that aired a portion of the motion, was conveyed to Mr. Sweeney by Mr. Kiersh, so there should be no need to maintain at least that portion of the motion and opposition.

5.      Mr. Sweeney also has an historic First Amendment right of access which should not be abridged under the circumstances.  The courts of our nation are presumptively open." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569 (1980); *see also Press Enterprise Co. v. Superior Court*, 464 U.S. 501, 508 (1984); *Craig v. Harney*, 331 U.S. 367 (1947).  This right of public access is derived not only from the common law but is guaranteed by the First Amendment to the United States Constitution.  *Richmond Newspapers*, 448 U.S. at 576 ("The First Amendment guarantees of speech and press . . . prohibit the government from summarily closing courtroom doors.").

Since *Richmond Newspapers*, our courts have made it abundantly clear that the right of public access extends not only to trials but to pretrial proceedings as well.  *See, e.g., Press Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) (preliminary hearings); *Press Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984) (voir dire examinations); *In re Knight Publishing Co.*, 743 F.2d 231, 233-34 (4th Cir. 1984) (pretrial motions, affidavit and hearings).  The right of access is never more important than in criminal hearings.  *See Press Enterprise Co. v. Superior Court*, 464 U.S. at 508.

The right of access to pretrial criminal proceedings traces not only the right to attend but also the right to copy related court records.  *See, e.g., Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978) (longstanding common law right to access to court records); *In re Globe Newspaper Co.,* 729 F.2d 47, 52 (1st Cir. 1984) (recognizing First Amendment right of access to pretrial criminal documents); *Associated Press v. United States District Court*, 705 F.2d 1143 (9th Cir. 1983) ("There can be no dispute that the press and public have historically had a common law right of access to most pretrial documents . . . ."); *In re National Broadcasting Co.,,* 653 F2d 609, 612 (D.C. Cir. 1981) ("[T]he existence of the common law

right to inspect and copy judicial records is indisputable.")

Although this Court may impose reasonable limitations on public access in very limited circumstances, restrictive orders are tolerated only to the extent that "the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Globe Newspaper Co.,* 457 U.S. at 606-7. Here, however, there is nothing in the record that suggests that any compelling governmental interest necessitate the sealing of the transcript and court papers.  Without a showing of compelling governmental interest, the sealing order should no longer stand.

This matter should be unsealed from the Court pursuant to Mr. Sweeney's right to effective assistance of counsel.

Finally, the public's right of access is protected by strict procedural rules.[1] As far as Mr Sweeney knows, none of these procedures were followed in this case.  Thus, at a minimum Mr. Sweeney requests hearing on the matter, affording the public and Mr. Sweeney an opportunity to state why further sealing is impermissible unless the Court finds that sealing is necessary to serve a compelling governmental interest.

Because Mr. Sweeney has at issue crucial constitutional rights under the First, Fifth and Sixth Amendments to the United States Constitution, comprehending his rights to public access, to a fair trial, to effective assistance of counsel, and to the due process of law, counterbalanced by no substantial governmental interest of record, and certainly by none

---

[1] The party seeking closure must make a showing, on the public record, as to why access must be denied.  *Globe Newspaper Co*, 457 U.S. at 608.  The court must then make findings in the public record to support closure and inquire whether alternatives to closure are available.  *Richmond Newspapers*, 448 U.S. at 508-11.  The findings must be specific enough "that a reviewing court can determine whether the closure order was properly entered." *Press Enterprise Co.,* 464 U.S. at 510.  Finally, in advance of the sealing order, the public is entitled to notice and an opportunity to object.  *Gannet Co. v. DePasquale,* 443 U.S. 368, 401 (1979) (Powell, J., concurring in part and dissenting in part); *Globe Newspaper Co.,* 457 U.S. at 609 n.24.

sufficient to outweigh Petitioner's vital trial rights, he respectfully requests that this Court grant

the instant motion and unseal the specific proceedings in this matter.

WHEREFORE, for the foregoing reasons, and any others which may appear to the

Court at a hearing on this motion, Mr. Sweeney respectfully requests that this Court grant the

motion for access to court records.

Respectfully submitted,

_____

JENIFER WICKS
Bar No. 465476

Law Offices of Jenifer Wicks
The Webster Building
503 D Street, N.W.
Suite 250A
Washington, D.C.  20001
(202) 326-7100